# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR416-383 |
| ) | |
| MICHELLE LOVETT-McGILL ) | |

## ORDER

Michelle Lovett-McGill moves to dismiss the two-count, misdemeanor DUI criminal Complaint against her. Doc. 10. It arises from her encounter with a Fort Stewart Military Police Department roadblock. She contends that the roadblock violated her Fourth Amendment rights, thus warranting suppression of all derived evidence and, in turn, dismissal. Doc. 10 at 2. Alternatively, she moves to suppress all evidence derived as fruit from a constitutionally invalid *Terry* stop. *See Terry v. Ohio*, 392 U.S. 1 (1968) (upholding a brief investigatory stop of an individual on less than probable cause). Doc. 11 at 4.

The gist of defendant's dismissal motion pivots on the constitutional limits placed on roadblocks. The U.S. Supreme Court has

> never approved a checkpoint program whose primary purpose was to detect evidence of ordinary criminal wrongdoing. Rather, our checkpoint cases have recognized only limited exceptions to the general rule that a seizure must be accompanied by some measure of individualized suspicion. We suggested in [*Delaware v. Prouse*, 440 U.S. 648 (1979)] that we would not credit the "general interest in crime control" as justification for a regime of suspicionless stops. 440 U.S. at 659, n. 18. Consistent with this suggestion, each of the checkpoint programs that we have approved was designed primarily to serve purposes closely related to the problems of policing the border or the necessity of ensuring roadway safety.

*City of Indianapolis v. Edmond*, 531 U.S. 32, 41-42 (2000) (cite omitted); LaFave, 4 SEARCH & SEIZURE § 9.7(b) (5th ed.).

Permissible purposes for roadblocks include "roadway safety" (license and registration) checks, or an "appropriately tailored roadblock set up to thwart an imminent terrorist attack or to catch a dangerous criminal who is likely to flee by way of a particular route. . . . While we do not limit the purposes that may justify a checkpoint program to any rigid set of categories, we decline to approve a program whose primary purpose is ultimately indistinguishable from the general interest in crime control." *Edmond*, 531 U.S. at 44; *see also Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990); *Merrett v. Moore*, 58 F.3d 1547, 1550-51 (11th Cir. 1995). In that regard,

> [a] roadblock in Georgia is valid when it meets five requirements: (1) supervisory officers decided where and when to implement it for a legitimate purpose; (2) all vehicles were stopped; (3) the delay to motorists was minimal; (4) the operation was well identified as a police checkpoint; and (5) the screening officer was competent to determine which motorists should be given field tests for intoxication.

*United States v. Cole*, 2010 WL 3210963 at * 7 (N.D. Ga. Aug. 11, 2010) (quoting *Coursey v. State*, 295 Ga.App. 476, 477 (2009)); *accord*, *Spraggins v. State*, 324 Ga. App. 878, 880 (2013); *Evans v. Jones*, 2010 WL 4639260 at * 3 (M.D. Ga. 2010) (the police "conducted the roadblock in a constitutionally appropriate manner because all vehicles were stopped, the delay to motorists was minimal, the roadblock was clearly identified as such, and the [police] had been adequately trained to conduct the roadblock[, so] the Plaintiff suffered no constitutional violation . . . because of the roadblock.").

Lovett-McGill says the roadblock "implemented by the Ft. Stewart Military Police Department fails to meet the criteria set forth above. Specifically, [it] was instituted for general law enforcement purposes, which has been held constitutionally impermissible." Doc. 10 at 2. But she does not cite *any* factual support; instead, she baldly claims that the

3

roadblock was constitutionally flawed. She evidently expects a hearing where the Government must show otherwise.

Objecting, the Government insists that she has failed to comply with S.D. Ga. Loc. Cr. R. 12.1 and *United States v. Broadnax*, 2016 WL 102197 at *1 (S.D. Ga. Jan. 8, 2016) ("[a]n unacceptable amount of judicial and prosecution resources are consumed if suppression motions are reached that fail to comply with S.D. Ga. Loc. Cr. R. 12.1.[1] Enforcement of that Rule spares wasteful hearings based on supposed if not imagined 'facts.'").

The Government prevails here. As recently explained:

> "'A motion to suppress [hence, a motion to dismiss based on suppression] must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the Court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions. . . .'" *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)) (emphasis added). A defendant is not entitled to a hearing on his suppression motion unless he "allege[s] facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527 (emphasis added). It is not sufficient for defendants to "'promise' to prove at the evidentiary hearing what they did not specifically allege in their motion to suppress." *Cooper*, 203 F.3d at 1285.

---

[1] "Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." S.D. Ga. Loc. Cr. 12.1.

4

*United States v. Bostic*, 2016 WL 4523832 at * 1 (S.D. Ga. Aug. 29, 2016).

In *Bostic*, the defendant filed a suppression motion but the only facts he asserted were "that the police warrantlessly seized him and his vehicle, 'removed' him from that vehicle, executed the warrantless search of the vehicle after he was handcuffed and placed in the back of the patrol car, and then seized the pistol that forms the basis of his prosecution." *Bostic*, 2016 WL 4523832 at *2. "Of course," this Court concluded,

> the mere assertion that police conducted a warrantless seizure and search of Bostic and his vehicle does not show that his rights were in any way violated or that he is entitled to the suppression of evidence. Legions of cases have upheld warrantless searches and seizures as "reasonable" within the meaning of the Fourth Amendment. Simply alleging that a search or seizure was "warrantless," therefore, does not establish its constitutional invalidity.

*Id.*

Similarly, "roadblock defendants" don't get to conclusorily assert a general constitutional infirmity, then use a hearing to discover facts and otherwise force the Government to disprove their legal conclusion.[2]

---

[2] Defendant Bostic committed the same error:

> True, Bostic further asserts that "the police had no legal reason to stop, seize, and search" him or his vehicle, they lacked any "reasonable, articulable suspicion" that he was involved in criminal activity, and they acted "in violation

Instead, they must clearly specify the constitutional flaw *and* factually support it (*e.g.*, with an affidavit from someone with personal direct knowledge, a police report, etc.). Because Lovett-McGill has failed to do so, her motion to dismiss is **DENIED**. Doc. 10.

Lovett-McGill's *in limine* motion relates that, as she "proceeded through the roadblock, the reporting officer, Sgt. Christopher Gonda, approached the vehicle and made contact with [her]." Doc. 11 at 1. She insists that this turned the roadblock stop into a *Terry* stop, followed by a DUI test and arrest. *Id.* at 1-3. The remainder of her brief challenges the DUI field testing and protocols. *Id.* at 3-11.

---

of the Fourth Amendment." Doc. 23 at ¶¶ 2, 5, 6. These, however, are mere conclusions, not facts. As the Eleventh Circuit has held, such conclusory, factually deficient claims not only fail to entitle defendant to an evidentiary hearing on his motion, they warrant the denial of the motion. *Richardson*, 764 F.2d at 1527 (defendants' claim that they were arrested and searched without probable cause was a conclusory assertion unaccompanied by any facts to support their contention, and therefore the trial court did not abuse its discretion in declining to hold an evidentiary hearing or denying the motion); *id.* at 1528 (defendant not entitled to an evidentiary hearing on his claim that the warrantless search of his premises was "without probable cause," as he never described the particular factual circumstances that offered support for that conclusory statement); *Cooper*, 203 F.3d at 1284 (defendants not entitled to evidentiary hearing where their "claim to standing [was] founded only on their ultimate conclusion that the hotel room was 'theirs,' rather than on facts demonstrating that conclusion to be true.").

*Bostic*, 2016 WL 4523832 at *2.

6

Again, however, the defendant fails to factually support her motion, which otherwise advances the same "something must be wrong here" legal conclusion deemed deficient by *Richardson, Cooper* and *Bostic*. She *adverts* to, but fails to cite, a police report, much less place it in the record. Nor does she cite any other supporting source (*e.g.*, an affidavit from her). Because this also violates Rule 12.1, her *in limine* motion likewise is **DENIED**. Doc. 11.

The March 21, 2017 hearing on these motions (docs. 10 & 11) is canceled. The defendant is free to renew her motions -- in compliance with Rule 12.1 and *Richardson/Cooper* -- within 14 days of the date this Order is served. Finally, the parties' unopposed discovery motions (docs. 5 & 7) are **GRANTED**.

**SO ORDERED**, this 7th day of March, 2017.

_/s/ JR Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA